UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | April 9, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Priscilla Deason for Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Remand [15]

Before the Court is Plaintiff Dennis Boyle's ("Boyle") motion to remand. (Mot., Dkt. No. 15.) Defendant Sweepsteaks Limited ("Sweepsteaks") opposed (Opp'n, Dkt. No. 25), and Boyle replied (Reply, Dkt. No. 27).

For the following reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the April 14, 2025, hearing.

## I. BACKGROUND

Boyle filed a Complaint in Orange County Superior Court, seeking public injunctive relief to discontinue Sweepsteaks's allegedly illegal online gambling website, Stake.us. (Compl. Dkt. No. 1, Ex. A ¶ 1.) Boyle alleges Sweepsteaks violated (1) California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. ("UCL"); and (2) California's Consumer Legal Remedies Act, Civ. Code §§ 1750, et seq. ("CLRA"). (Id. ¶¶ 37–69.) Sweepsteaks, a foreign company incorporated in Cyprus, received the Complaint on January 15, 2025, and filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on February 14, 2025. (Notice of Removal, Dkt. No. 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties could have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00302-JVS-ADS                     Date   April 9, 2025

Title   Dennis Boyle v. Sweepsteaks Ltd.

defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the removing party bears the burden of demonstrating that removal was proper.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Boyle asserts two grounds for remand: (1) lack of Article III standing in federal court; and (2) Sweepsteaks's failure to establish the amount in controversy.  (See generally Mot.)  The Court addresses both issues in turn.

*A.     Standing*

To establish standing, (1) a plaintiff must have suffered an "invasion of a legally protected interest," a "concrete and particularized" injury in fact, which must be "actual or imminent," rather than speculative, (2) there must be a "causal connection between the injury and the conduct complained of," and (3) the injury must likely be "redress[able] by a favorable decision by the court."  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).  It is the burden of the party seeking federal jurisdiction who bears the burden of establishing standing.  Id. at 561.

Boyle contends that his lack of Article III standing for seeking injunctive relief necessitates a remand.  (Mot., at 3–5.)  Boyle argues that by seeking public injunctive relief, "a creature of California law that has the primary purpose . . . of prohibiting unlawful acts that threaten future injury to the general public," he cannot meet the "concrete and particularized, and actual or imminent" injury in fact requirement of standing.  (Id. at 4) (quoting Rogers v. Lyft, Inc., 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020) (internal quotation marks omitted).  The nature of a public injunction is a "generalized public grievance," which does not confer standing on a plaintiff.  (Id. at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00302-JVS-ADS | Date | April 9, 2025 |

| Title | Dennis Boyle v. Sweepsteaks Ltd. |

    On the other hand, Sweepsteaks argues that the allegations in the Complaint establish an injury in fact— an economic loss. (Opp'n, at 12.) The Court agrees. An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way" and "concrete" if there is a real and not an abstract harm. Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). A plaintiff's economic loss is a classic form of injury in fact. See, e.g., Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 184 (2000). Here, Boyle alleges more than a generalized grievance on behalf of the public. He alleges that "he lost money on [Sweepsteaks's] illegal gambling website" as a result of unfair competition and business practices. (Compl. ¶ 26.) Boyle further admits that he suffered an "injury in fact." (Id. ¶ 29.) Thus it is evident from the face of the complaint that Boyle meets the element of injury in fact to establish standing in federal court. Moreover, under Bus. & Prof. Code, § 17204, an individual may only bring a UCL claim if one "has lost money or property." The California standing requirement for a UCL claim is narrower than the federal injury in fact requirement. Thus, if Boyle is able to bring a UCL claim in California state court as he alleges, he also establishes Article III standing.

    Standing does not turn on the type of remedy sought. Rather, when one has standing, injunctive relief is an available remedy. To seek injunctive relief, a prospective remedy, a plaintiff must independently show an "actual and imminent injury." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). In other words, to warrant an injunction, there must be "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Both parties correctly argue that past wrongs are insufficient by themselves to grant standing. (Opp'n, at 15; Reply, at 2.) However, past wrongs may be "evidence bearing on whether there is a real and immediate threat of repeated injury." Lyons, 461 U.S. at 102 (internal quotation marks omitted). The Ninth Circuit held that injunctive relief is available to a consumer who "knows or suspects that the advertising was false at the time of the original purchase" because "knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969 (9th Cir. 2018). For example in Davidson, the court held that a plaintiff who has previously been deceived has standing to seek injunctive relief because she faces imminent threat of future harm by "continu[ing]to desire to purchase" the defendant's products. Id. at 970.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-00302-JVS-ADS                     Date    April 9, 2025

Title    <u>Dennis Boyle v. Sweepsteaks Ltd.</u>

    Boyle again meets the test for injunctive relief. In his Complaint, Boyle alleges that he "struggles with gambling addiction, and he lost money on Defendant's illegal gambling website within the last three years." (Compl. ¶ 26.) As Sweepsteaks contends, Boyle has not shown that he has closed his account, has stopped playing Sweepsteaks's games, has recovered from his addiction, or is getting treatment for his addiction. (Opp'n, at 15.) His addiction indicates that there is a continued desire to play Sweepsteaks's games. See <u>Davidson</u>, 889 F.3d at 970. Therefore there is a "sufficient likelihood" that Boyle will continue to play Sweepsteaks's games and lose more money. See <u>Lyons</u>, 461 U.S. at 111. Although the Court notes that California law does not hold a plaintiff requesting a public injunction to the same level of standing as that in federal court, nothing bars this Court from hearing a case where a plaintiff alleges an actual and imminent threat of future harm. See <u>McGill v. Citibank</u>, N.A., 2 Cal. 5th 945, 959 (2017) ("[Proposition 64] provisions do not preclude a private individual who has 'suffered injury in fact and has lost money or property as a result of' a violation of the UCL. . . —and who therefore has standing to file a private action—from requesting public injunctive relief in connection with that action."); <u>cf. Rogers</u>, 452 F. Supp. 3d at 919 (denying jurisdiction over a public injunctive relief claim given the usual posture of the case because the plaintiffs agreed to arbitrate the availability of remedies specific to their injuries and waived the right to pursue any type of class remedy). Accordingly, the Court declines to remand on the basis of Boyle's lack of Article III standing.

    B.    *Amount in Controversy*

        1.    <u>Either Viewpoint Rule</u>

    To determine the amount in controversy, the Ninth Circuit has applied the "either viewpoint" rule, which examines "the pecuniary result to either party which the judgment would directly produce." <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 958 (9th Cir. 2001). In an injunction action "where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." <u>Id.</u> If the either viewpoint rule applies, the jurisdictional amount would be satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | April 9, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Here, Sweepsteaks's removal notice alleges that the purchases by users related to its services in California in 2023 exceeded $75,000. (Notice of Removal, Dkt. No. 1 ¶ 25; Declaration of Edward Craven, Dkt. No. 1-7.) The purchases by California users and Sweepsteaks's profits also exceeded $75,000 in 2024 and Sweepsteaks expects that its future profits will also "considerably exceed" that amount. (Id. ¶ 26.) Thus, the aggregate monetary effect of shutting down the entire operation as Boyle requests would easily result in more than $75,000.

However, an exception to the either viewpoint rule is class actions. Class action plaintiffs cannot aggregate "separate and distinct" claims to meet the jurisdictional amount in diversity cases. Snyder v. Harris, 394 U.S. 332, 336 (1969). While the defendant-viewpoint approach would measure the total or aggregate monetary impact on the defendant, class actions apply the anti-aggregation rule because each named plaintiff in a diversity class action case must have a claim with the amount in controversy in excess of $75,000. Snow v. Ford Motor Co., 561 F.2d 787, 790 (9th Cir. 1977). The anti-aggregation rule applies with "equal force to the equitable as well as the monetary relief." Id. at 790. Thus, it is the "nature and value of the right asserted" rather than the type of relief requested that is crucial in assessing the amount in controversy. Id.

While Boyle does not bring a class action, he contends that public injunctive relief actions under the UCL "are treated the same way as class actions when calculating the value of injunctive relief." (Mot., at 8.) Boyle cites to a handful of district court cases where the court denied applying the either viewpoint rule where a plaintiff seeks public injunctive relief under the UCL and CLRA. (Id. at 9.) For example, in Enriquez v. Sirius XM Radio, Inc., the court found that UCL and CLRA claims seeking relief are "sufficiently akin to class actions" in that they both seek relief behalf of numerous individuals. 2022 WL 4664144, at *5 (E.D. Cal. Sept. 30, 2022). Accordingly, Boyle argues that the Court should apply the anti-aggregation rule and cannot consider the defendant's viewpoint approach — the cost of complying with the injunction in calculating the amount in controversy. (Mot., at 8.)

On the contrary, Sweepsteaks argues that Boyle's public injunctive action under the UCL or the CLRA is not a representative action and thus, cannot be deemed as a class action. (Opp'n, at 20.) Sweepsteaks requests that the Court consider the effects of Proposition 64 ("Prop 64"), which limits who can bring UCL claims. (Id.) Sweepsteaks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | April 9, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

states that the provision now requires a private individual to meet the standing requirements of Bus. & Prof. Code § 17204 *and* file a class action to pursue a representative action. (Id. at 20.) Furthermore, it argues that the handful of cases Boyle cites are inapposite because they incorrectly rely on pre-Prop 64 cases. (Opp'n, at 21 n.7.)

In essence, the Court must determine whether a case where a private plaintiff seeking injunctive relief under the UCL or the CLRA should be considered a representative action. To resolve this issue, the Court turns to the history of Prop 64 and its effects on bringing UCL claims. Prior to its enactment, any person could bring claims on behalf of the general public. However, Prop 64 attempted to (1) restrict suits to only persons injured by unfair competition and (2) require that "lawsuits initiated by any person, other than the Attorney General and local public prosecutors, on behalf of others, meet the additional requirements of class action lawsuits." Official Voter Information Guide, Official Title and Summary of Prop. 64, 38 (Nov. 2, 2004), https://vig.cdn.sos.ca.gov/2004/general/english.pdf. Subsequently, Bus. & Prof. Code § 17203 on injunctive relief was amended to add the following sentence:

> "Any person may pursue representative claims or relief on behalf of others *only if* the claimant meets the standing requirements of Section 17204 *and* complies with Section 382 of the Code of Civil Procedure. . ."[1]

Cal. Bus. & Prof. Code § 17203 (West) (emphasis added). The amended statute clearly authorizes "only the California Attorney General and local public officials be authorized to file and prosecute actions *on behalf of the general public*" Prop 64 Proposed Law § (f) (emphasis added).

McGill does not contradict the rule that certain requirements must be met to bring representative actions under the UCL. The California Supreme Court found that it would be irreconcilable to read the statute to "authorize private individuals to proceed on behalf of the general public." 2 Cal. 5th at 960. The McGill Court clarified that "nothing [in Prop 64]. . . meant to preclude individuals who meet the standing requirements for bringing a private action from requesting [injunctive] relief." Id. at 959–960. It is in this

---

[1] Section 382 concerns the requirements for representative or class actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00302-JVS-ADS                                  Date  April 9, 2025

Title  Dennis Boyle v. Sweepsteaks Ltd.

context of private actions that McGill declined to impose the requirement that a UCL claim must be brought as a class action. Id. at 960. Relying on the dicta in McGill, Boyle contends that Prop 64 has no bearing on a case seeking public injunctive reliefs "but only cases where a private plaintiff seeks disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff." (Reply, at 14.) The Court disagrees with this interpretation. The Court in McGill only intended to emphasize that pre-Prop 64, representative actions seeking disgorgement and/or restitution could be brought without filing class actions, such as in Kraus v. Trinity Management Services, Inc., 23 Cal.4th 116, 121 (2000). In sum, a private plaintiff may bring a UCL claim seeking public injunctive relief, but only on his own behalf and not in his representative capacity. See, e.g., In re Tobacco II Cases, 46 Cal. 4th 298, 315 (2009); Hodges v. Comcast Cable Commc'ns, LLC, 21 F.4th 535, 543 (9th Cir. 2021); Miller v. Peter Thomas Roth, LLC, 2020 WL 363043, at *1–2 (N.D. Cal. Jan. 22, 2020). Giving Prop 64 its full intended effect, the Court agrees with Sweepsteaks that seeking public injunctive relief does not make this case a representative action.

     Returning to the issue of aggregation in determining the amount in controversy, the Court is unconvinced that the anti-aggregation rule/either viewpoint exception should apply where a plaintiff brings a private action. Moreover, the Court considers the reasoning in the leading case overruling the aggregation doctrine persuasive. In Snyder v. Harris, the Supreme Court declined to aggregate "separate and distinct" claims in a class action to meet the amount of controversy because aggregation "would undercut the purpose of the jurisdictional amount requirement" and the intent of Congress to limit the federal caseload. 394 U.S. 332, 339 (1969). In the case before us, there is only one plaintiff and no separate and distinct claims to aggregate. (See Compl. ¶ 59; Opp'n, at 21.) Accordingly, the Court assesses the amount in controversy using the either viewpoint rule rather than the anti-aggregation rule. Finally, the amount in controversy requirement is easily satisfied from the defendant's perspective— the potential cost to Sweepsteaks for complying with the injunction. (See supra, at 5.)

     2.    Attorneys' Fees

     The Ninth Circuit requires the defendant to prove the amount in controversy including attorneys fees "by a preponderance of evidence." Id. at 795; see also Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | April 9, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

(quoting Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 377 (9th Cir. 1997)).  Sweepsteaks argues that "[t]he amount in controversy includes . . . attorney's fees, if authorized by statute or contract," Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), and  attorneys' fees is expressly authorized under the CLRA.  (Opp'n, at 22 n.9 (citing Cal. Civ. Code § 1780(e).)

However, the Court finds that Sweepsteaks has not met its burden.  Sweepsteaks only offers a conclusory statement in a footnote in its opposition without including an estimation of the amount.  (Reply, at 10.)  As Boyle notes, future attorneys' fees have not yet been billed to Sweepsteaks at the time of removal cannot be included to satisfy jurisdictional amount.  (Mot. at 9.)  Therefore, the Court will not include speculative awards in calculating the amount in controversy.

### IV.  CONCLUSION

In conclusion, the Court finds that Boyle has standing and subject matter jurisdiction to bring its claim in federal court.  For the foregoing reasons, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED.**