UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Compel Arbitration

Before the Court is Defendant Sweepsteaks Limited's ("Sweepsteaks") motion to compel arbitration. (Mot., Dkt. No. 34.) Plaintiff Dennis Boyle ("Boyle") opposed. (Opp'n, Dkt. No. 36.) Sweapsteaks replied. (Reply, Dkt. No. 41.) On May 19, 2025, the parties appeared for oral argument.

For the following reasons, the Court **GRANTS** the motion.

### I. BACKGROUND

#### A. Factual Background

The parties are familiar to the facts of the case after Boyle's motion for remand. (Dkt. No. 15; Order, Dkt. No. 33.) Sweepsteaks operates a casino-oriented internet gaming website on www.stake.us, where users can play games such as slots, poker, and blackjack. (Compl., Dkt. No. 1-1 ¶ 6.) Boyle alleges that Sweepsteaks entices players to purchase more Gold Coins, which are used to play their standard games. (Id. ¶¶ 10–12.) Contrarily, "Stake Cash", which can be purchased with Gold Coins, is used to play their promotional games and can be redeemed for real money. (Id. ¶¶ 11, 14–15.)

Boyle is a user of Sweepsteaks, where he allegedly lost money and property during the last three years. (Id. ¶ 26.) He brings two causes of action: violations of the Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"). (See generally id.)

#### B. Arbitration Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

In order to use the Sweepsteaks' online platform, a user must create an account and indicate their assent to the Terms and Conditions. (Mot., at 1.) The Terms and Conditions as of September 13, 2024, includes the following arbitration clause:

<u>26.6 Arbitration</u> a) **We both agree to arbitrate. By agreeing to these Terms, both you and Stake agree that any and all Disputes, including without limitation any question regarding the existence, validity, enforceability, or termination of these Terms and/or this clause 26 (Dispute Resolution and Agreement to Arbitrate) as well as the decision of whether the Dispute should be arbitrated in the first place, shall be referred to and finally resolved by arbitration administered by the American Arbitration Association (AAA), the rules of which are deemed to be incorporated by reference into this clause.** In agreeing to this binding commitment to arbitrate your Disputes, you agree that you waive any right to proceed in a court of law or to have your claims heard by a jury. The arbitration shall: (1) be conducted by a single, neutral arbitrator in the English language; (2) be held virtually and not in person for all proceedings related to the arbitration, except by mutual agreement of all parties; and (3) be limited to one deposition per party, except by mutual agreement of all parties. Furthermore, in cases where neither party's claim(s) or counterclaim(s) exceed $25,000, both parties agree to waive an arbitration hearing and resolve the dispute solely through submissions of documents to the arbitrator. No award or procedural order made in the arbitration shall be published. The AAA rules, as well as instructions on how to file an arbitration proceeding with the AAA, appear at adr.org, or you may call the AAA at 1-800- 778-7879.

b) Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. All documents and information disclosed in the course of the arbitration shall be kept strictly confidential by the recipient and shall not be used by the recipient for any purpose other than for purposes of the arbitration or the enforcement of the arbitrator's decision and award and shall not be disclosed except in confidence to persons who have a need to know for such purposes or as required by applicable law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00302-JVS-ADS                              Date   May 19, 2025

Title   Dennis Boyle v. Sweepsteaks Ltd.

> c) Both you and Stake agree not to make any argument that the AAA is an inconvenient forum or otherwise incompetent or without authority or jurisdiction to hear any Dispute, and expressly waive any and all such arguments.

(Terms and Conditions ("2024 Arbitration Agreement"), Dkt. No. 34-2, Ex. A. § 26.6.) The Terms and Conditions in effect when Boyle created his account on November 29, 2022 are almost exactly the same.[1] (Declaration of Edward Craven ("Craven Decl."), Dkt. No. 34-1 ¶ 6; compare Terms and Conditions ("2022 Arbitration Agreement"), Dkt. No. 34-3, Ex. B.)

The 2024 Arbitration Agreement, but not the 2022 Agreement, includes the following opt-opt provision:

> 26.9. You have the right to opt-out and not be bound by the arbitration and class action waiver provisions in this clause 26 (Dispute Resolution and Agreement to Arbitrate) by sending written notice, signed by you, of your decision to opt-out to the following address: Sweepsteaks Limited Att: Sweepsteaks Limited, 1717 Pennsylvania Ave, N.W.Suite 650, Washington, DC 20006. The notice must be sent within 30 days of creation of your Customer Account or 23 August 2024, whichever is later, otherwise you shall be bound to arbitrate disputes in accordance with these Terms. If you opt-out of these arbitration provisions, Stake will also not be bound by them. If you do not opt out of this clause 26 (Dispute Resolution and Agreement to Arbitrate) within the specified time period, you will be deemed to have accepted the arbitration and class action waiver provisions.

(2024 Arbitration Agreement § 26.9.)

## II. Legal Standard

---

[1] The current Arbitration Agreement adds the phrase "as well as the decision of whether the Dispute should be arbitrated in the first place."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration.  9 U.S.C. §§ 3, 4.  The FAA eliminates district court discretion and requires a court to compel arbitration of issues covered by the arbitration agreement. KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011) (citing Dean Witter Reynolds, Inc., v. Byrd, 470 U.S. 213, 218 (1985)). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the disputes at issue.  Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1017 (9th Cir. 2016) (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)).  If so, the court must compel arbitration.  Id.

Applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001) (internal citation omitted). However, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles.  This rule applies even where the agreement's express terms delegate that determination to the arbitrator."  Jackson v. Rent-A-Center, W., Inc., 581 F.3d 912, 918–19 (9th Cir. 2009), rev'd on other grounds, Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63 (2010).

A court may consider evidence beyond the complaint in ruling on a motion to compel.  See Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1266–69 (C.D. Cal. 2008) (examining declarations and exhibits in ruling on a motion to compel arbitration under the FAA).  The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence standard.  Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).  If the moving party carries this burden, the opposing party must prove any contrary facts by the same burden.  Castillo v. CleanNet USA, Inc., 358 F. Supp. 3d 912, 2018 WL 6619986, at *10 (N.D. Cal. Dec. 18, 2018) (citing Bruni v. Didion, 160 Cal. App. 4th 1272, 1282 (2008)).

### III. DISCUSSION

*A.     Arbitration Agreement*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

In determining whether to compel arbitration, "a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002)). "However, these gateway issues can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably provide otherwise.'" Id. (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)); see also Hill v. Anheuser-Busch InBev Worldwide, Inc., No. CV 14–6289, 2014 WL 10100283, at *2 (C.D. Cal. Nov. 26, 2014) ("The question of whether the parties have submitted a particular dispute to arbitration, i.e. the question of arbitrability, is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.") (alteration in original) (internal quotation marks omitted). Accordingly, "if the parties [formed] an agreement to arbitrate containing an enforceable delegation clause, all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance." Caremark, LLC v. Chickasaw Nation, 43 F.4th 1021, 1030 (9th Cir. 2022). But "[i]ssues of contract formation may not be delegated to an arbitrator," and must be decided by the court. Suski v. Coinbase, Inc., 55 F.4th 1227, 1229 (9th Cir. 2022).

Here, the parties dispute both "gateway" issues. (See Mot. at 15–18; Opp'n at 1–2, 14.) In determining whether the parties have agreed to arbitrate, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." Roma Mikha, Inc. v. S. Glazer's Wine & Spirits, LLC, No. 8:22-cv-01187, 2023 WL 3150076, at *4 (C.D. Cal. Mar. 30, 2023) (quoting Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 670 (9th Cir. 2021)). "The summary judgment standard is appropriate because the district court's order compelling arbitration 'is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.'" Hansen, 1 F.4th at 670 (internal citation omitted). Thus, if "a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." Id. at 672. A factual dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the non-moving party "must do more than simply show that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Sweepsteaks contends that Boyle unambiguously agreed to arbitrate any dispute with Sweepsteaks when he and created his account by "click[ing] the acceptance box," and acknowledging his assent to the Terms and Conditions. (Mot., at 15.) The Terms and Conditions included the 2022 Arbitration Agreement, thus Boyle also assented to the Arbitration Agreement. (Mot., at 15–16.) Additionally, the 2024 Terms and Conditions include an opt-out provision, which explicitly allows users to opt out of the Arbitration Agreement and class action waiver by sending a notice to Sweepsteaks. (See 2024 Arbitration Agreement § 26.9.) Boyle did not provide Sweepsteaks with any form of notice, thereby confirming his agreement to be bound by the contract. (Mot., at 16; Craven Decl. ¶¶ 16–17.) Contrarily, Boyle does not dispute the existence of the Arbitration Agreement. (See generally Opp'n.)

As previously noted, when determining whether the parties have agreed to arbitrate, the Court relies on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure. See Roma Mikha, 2023 WL 3150076, at *4. To successfully argue that there is genuine dispute of the facts, Boyle "must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Because Boyle fails to support his allegations, the Court finds that his allegations do not create a genuine issue of material fact as to the existence of an Arbitration Agreement. See Fed. R. Civ. P. 56(e). Therefore, the Court concludes an arbitration agreement existed between Sweepsteaks and Boyle.

After determining whether the parties agreed to arbitrate, the Court analyzes whether the arbitration clause encompasses the dispute at issue. See Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). As discussed, this issue may be delegated to the arbitrator where "the parties clearly and unmistakably provide" for it. AT & T Techs., Inc., 475 U.S. at 649. Here, the delegation clause states in part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:25-cv-00302-JVS-ADS                                    Date   May 19, 2025

Title   <u>Dennis Boyle v. Sweepsteaks Ltd.</u>

> We both agree to arbitrate. By agreeing to these Terms, both you and Stake agree that *any and all* Disputes, *including without limitation any question regarding the existence, validity, enforceability*, or termination of these Terms and/or this clause 26 (Dispute Resolution and Agreement to Arbitrate) as well as the decision of whether the *Dispute should be arbitrated in the first place, shall be referred to and finally resolved by arbitration administered by the American Arbitration Association (AAA)*, the rules of which are deemed to be incorporated by reference into this clause.

(2024 Arbitration Agreement § 26.6(a)) (emphasis added).

 The Court agrees with Sweepsteaks that this clause clearly and unambiguously delegates the question of arbitrability of claims to the arbitrator. (Mot., at 21–22); <u>see also</u>, <u>Mohamed v. Uber Techs.</u>, 848 F.3d 1201, 1209 (9th Cir. 2016) (holding contractual language authorizing arbitrators to decide issues relating to the "enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision" "clearly and unmistakably indicate[d] the parties' intent for the arbitrators to decide the threshold question of arbitrability") (quoting <u>Momet v. Mastro</u>, 652 F.3d 982, 988 (9th Cir. 2011)) (alteration omitted).
 Accordingly, the Court finds that the parties have clearly and unmistakably provided that the arbitrator is to resolve the gateway issue of arbitrability, including the existence of a valid arbitration agreement. Therefore, the Court concludes that the arbitrator shall determine whether arbitration is appropriate for Boyle's claims. <u>See</u> <u>Chickasaw Nation</u>, 43 F.4th at 1030. Nevertheless, this does not end the inquiry. Boyle raises multiple contract formation issues, which must be decided by the Court. <u>See</u> <u>Coinbase, Inc.</u>, 55 F.4th at 1229. The Court now turns to these disputes.

  B. *Contract Formation*

 Boyle asserts three arguments related to contract formation: (1) the contract is void because it has an illegal purpose— online gambling; (2) the contract is void because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Sweepsteaks failed to register and pay state taxes; (3) the Arbitration Agreement is unconscionable. (Opp'n, at 12–21.)

      1.      Illegal Purpose

      While disputes concerning contract formation are generally for the courts, Coinbase, 55 F.4th, at 1229, issues of validity and enforceability should be "considered by the arbitrator in the first instance." 9 U.S.C. §3; Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 (2006). The California Supreme Court has treated illegality as a matter of enforceability, and thus an issue for an arbitrator. Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 124 (2000) ("If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced."); see also Marathon Entm't, Inc. v. Blasi, 42 Cal.4th 974, 996 (2008). Since the doctrine of illegality "is grounded on considerations of public policy," the question of illegality is a matter of enforcement rather than formation. See McIntosh v. Mills, 121 Cal. App. 4th 333, 346, 17 Cal. Rptr. 3d 66, 75 (2004); Gatti v. Highland Park Builders, Inc., 27 Cal. 2d 687, 689 (1946) (holding that a "contract made contrary to the terms of a law designed for the protection of the public and prescribing a penalty for the violation thereof is illegal and void, and no action may be brought to enforce such contract."); Williams v. Eaze Sols., Inc., 417 F. Supp. 3d 1233, 1240 (N.D. Cal. 2019) (rejecting Williams' position that a contract that allegedly had the illegal purpose of selling and distributing marijuana is an issue of contract formation). Under California law, a contract that has an unlawful purpose and thus void is an issue of enforceability, not formation, and consequently controlled by Buckeye and its progeny.

      In Buckeye Check Cashing, the Supreme Court distinguished between a "challenge[ ] specifically [to] the validity of the agreement to arbitrate" and a "challenge[ ] [to] the contract as a whole, either on a ground that directly affects the entire agreement or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." Id. at 444. The Court held that arbitration provisions are severable from the remainder of the contract and the latter sort, where the "crux of the complaint is that the contract as a whole [] is rendered invalid," should be determined by the arbitrator in the first instance. Id. at 446; see Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403–04 (1967). Furthermore, the Court "simply rejected the proposition that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

the enforceability of the arbitration agreement turned on state legislature's judgment," state public policy, or contract law. Buckeye Check Cashing, 546 U.S., at 446.

Here, Boyle argues that Sweepsteaks operates an illegal gambling website, making their gambling-related contract, Terms and Conditions and Arbitration Agreement, void. (Opp'n, at 13.) Though Boyle claims that the legality of the arbitration provision is independent from the remainder of the contract, the Court cannot sever this challenge to the arbitration provision from the challenge to the contract as a whole because the illegality of Sweepsteaks' business affects the validity of the entire Terms and Conditions. (Id. at 16.) The problems and illegality of online gambling permeate throughout the complaint and cannot be seen in any way as collateral to Boyle's main purpose in the complaint. See Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1272 (9th Cir. 2017). The "crux of the complaint" rule from Buckeye Check Cashing applies squarely to this case. Boyle contends that the issue of illegality pertains to contract formation, not enforcement. (Opp'n, at 14.)

Boyle responds that Buckeye and Prima Paint are distinguishable. While the contracts in those cases were made for valid purposes but include unenforceable provisions, here, the contract was made with an illegal purpose. (Opp'n, at 16.) However, the Court disagrees. In Buckeye, the class action plaintiffs accused the lender of making illegal usurious loans disguised as check cashing transactions, 546 U.S., at 440, while Prima Paint brought a fraud in the inducement claim regarding a consulting agreement made with the defendant, 388 U.S., at 397. Not only does Boyle rely on non-binding authority to support his claim, but he requests that this Court draw an impossible line between gambling and, for example, illegal loaning. (See Opp'n, at 16) (citing a Fourth Circuit opinion).

Accordingly, the Court denies to rule on the issue of illegality as it should be given to the arbitrator in the first instance. The Court denies to address the illegality of the contract due to Sweepsteaks' corporate status on similar grounds. Whether the contract is void for illegality is a question for the arbitrator.

    2.    Unconscionability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
| Title | Dennis Boyle v. Sweepsteaks Ltd. | | |

Boyle also alleges that the Arbitration Agreement is unconscionable. (Opp'n at 21.) "[W]here a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles." Rent-A-Center W., Inc., 581 F.3d at 918–19.

Under California law, both procedural and substantive unconscionability must be present for a court to refuse enforcement of an arbitration agreement. OTO, L.L.C. v. Kho, 8 Cal.5th 111, 251 (2019). In essence, the overarching question is "whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." Sanchez v. Valencia Holding Co., 61 Cal.4th 899 (2015).

### a. Procedural unconscionability

In California, procedural unconscionability is a question of adhesion. OTO, 251 Cal.Rptr.3d, at 447. A "contract of adhesion" is "a standardized contract [that is] imposed and drafted by the party of superior bargaining strength" and gives "the subscribing party only the opportunity to adhere to the contract or reject it." Armendariz, 99 Cal.Rptr.2d 745, 6 P.3d at 689 (internal quotation marks and citation omitted). "The pertinent question, then, is whether circumstances of the contract's formation creat[es] oppression or surprise that closer scrutiny of its overall fairness is required." OTO, 8 Cal.5th, at 126; see Pinnacle Museum Tower Ass'n. v. Pinnacle Mkt. Dev., LLC, 55 Cal. 4th 223, 246 (2012). Oppression requires a "lack[] [of] meaningful choice in whether to agree" to the contract. Id. In determining oppression, courts may consider circumstances such as "(1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney." Id. at 447 (quoting Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc., 232 Cal.App.4th 1332, 1348 (2015)).

Boyle does not address the issue of procedural unconscionability. Court also notes that Sweepsteaks provided an option to opt-out of the Arbitration Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00302-JVS-ADS | Date | May 19, 2025 |
|---|---|---|---|

| Title | Dennis Boyle v. Sweepsteaks Ltd. |
|---|---|

(Mot., at 11; Reply, at 14; see 2024 Arbitration Agreement § 26.9.)  The opt-out provision provides users a meaningful opportunity to consider and reject the arbitration clause, rendering the agreement not procedurally unconscionable.  In California, the existence of an opt-out provision is considered an important factor in finding whether a contract is one of adhesion.  See Mohamed v. Uber Techs., Inc., 848 F.3d 1201, 1210 (9th Cir. 2016).  Moreover, neither party provides the Court with any information about when the 2024 opt-out notice was available to Boyle, only that it was in the Terms and Conditions when this action was filed on September 13, 2024.  (Craven Decl. ¶ 10.)  Consequently, the record also lacks any information about how much time Boyle had to opt-out or any other circumstances to determine whether there was an oppressive contract.  The Court can only assume that Boyle did not have an attorney to review the 2022 Arbitration Agreement or the later added opt-out provision.  Under California, the burden is on the party opposing arbitration to prove any defense.  See Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC, 55 Cal.4th 223, 236 (2012).  Boyle does not argue that he was deprived of any meaningful choice or was not an authentically informed choice in any way.  Therefore, the Court can only conclude that there is no procedural unconscionability as Boyle has failed to meet his burden.  The Court ends the analysis here as California law requires both procedural and substantive unconscionability.  See OTO, L.L.C. v. Kho, 8 Cal.5th 111, 251 (2019).  Therefore, the Court finds that Boyle must arbitrate his claims with Sweepsteaks.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Sweepsteaks' motion to compel arbitration.  The Court also **ORDERS** Boyle to submit to arbitration pursuant to the terms of the Arbitration Agreement and **STAYS** the proceedings pending the binding arbitration.  See 9 U.S.C. § 3.

**IT IS SO ORDERED.**